# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| JOAN M. HEMBREE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE OFFICE OF THE DISTRICT ) <br> ATTORNEY GENERAL FOR THE ) <br> 13th JUDICIAL DISTRICT OF ) <br> TENNESSEE and BRYANT C. ) <br> DUNAWAY, in his individual and ) <br> official capacities, ) <br> ) <br> Defendants. ) | No. 2:18-cv-00097 <br> Chief Judge Crenshaw |

## MEMORANDUM OPINION AND ORDER

Since March 2008, and through three consecutive administrations, Joan M. Hembree worked as a secretary in the Office of the District Attorney General for the 13th Judicial District of Tennessee. When Bryant C. Dunaway became District Attorney in September 2014, Hembree's duties remained the same. However, beginning in March 2017, her job was expanded to include assistance in the preparation of grand jury cases and indictments.

Hembree alleges the "increased workload created a tremendous amount of stress that aggravated [her] neurological issues." (Doc. No. 17, Amended Complaint ¶ 30). This included "problems with vision, . . . headaches in brightly lit areas, muscle weakness, loss of strength, numbness in hands [and] fingers, balance issues, and body aches." (Id. ¶ 32). To alleviate her headaches, Hembree took to keeping her office dark and utilizing low wattage lamps. (Id. ¶ 33). She also made numerous visits to a neurologist at Vanderbilt University Medical Center in Nashville, Tennessee, which required her to take time off from work. (Id. ¶ 35).

Even though Hembree allegedly "never received any complaints about her work

performance [nor] any disciplinary actions," she was fired on September 19, 2017. (Id. ¶¶ 37, 38). The purported reason for her termination was conducting "non-work related activities during business hours . . . such as reading the newspaper and viewing social media websites," even though "this alleged conduct was common behavior in the office[.]" (Id. ¶¶ 39, 40).

On November 21, 2018, Hembree filed suit in this court. In her Amended Complaint filed January 17, 2019, she alleges employment discrimination in violation of Title I and Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 621 *et seq.*; Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794 *et seq.*; the Equal Protection Clause of the Fourteenth Amendment; and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 *et seq*.

Defendants (who include not only Dunaway, but also the Office of the District Attorney General for the 13th Judicial District) have filed a Motion to Dismiss (Doc. No. 19) all of Hembree's claims. In response, Hembree only specifically address her claims for prospective injunctive relief under the ADA and the Rehabilitation Act.

Local Rules have been formulated by this Court that are "meant to ease [its] operose task and to prevent parties from unfairly shifting the burdens of litigation to the court." Caban Hernandez v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). Among them is Local Rule 7.01, which provides that "any party opposing a motion must serve and file a memorandum of law in response," and that "[i]f a timely response is not filed, the motion shall be deemed to be unopposed." L.R. 7.01(a)(3). Hembree's response in support of only two of her claims means that dismissal is appropriate as to the others based solely on the Local Rules. See Matthews v. Copeland, 286 F.

2

Supp. 3d 912, 916 (M.D. Tenn. 2017) (citing cases for the proposition that "a litigant, whether proceeding *pro se* or through counsel, ignores local rules at his or her peril"); Brooks v. Purcell, 57 F. App'x 47, 51 (3d Cir. 2002)(noting that plaintiff "acted at his own peril when he did not oppose the motion to dismiss" as required by local rule).

Regardless, most of Hembree's claims fail based on any of a number of legal principles. These include: (1) "District Attorneys General and their assistants prosecute suits on behalf of the State of Tennessee, receive salaries payable out of the state treasury, and therefore are employees of the State of Tennessee," Thompson v. Tennessee Dist. Attorney Gen.'s Office, No. 3:18-CV-00502, 2018 WL 6181357, at *3 (M.D. Tenn. Nov. 27, 2018) (citing White by Swafford v. Gerbitz, 860 F.2d 661, 663 n.2 (6th Cir. 1988)); (2) a state and its agencies are generally immune from suit in federal court by virtue of the Eleventh Amendment, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Latham v. Office of Atty. Gen., 395 F.3d 261, 270 (6th Cir. 2018); (3) "[s]tate officers sued for damages in their official capacity . . . assume the identity of the government that employs them," Hafer v. Melo, 502 U.S. 21, 27 (1991); (4) Congress has not abrogated state immunity for purpose of damages claims under (a) Title I of the ADA, Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 374, (2001), (b) equal protection claims under Title II of the ADA, Popovich v. Cuyahoga Cnty. Court of Common Pleas, 276 F.3d 808, 816 (6th Cir. 2002), or (c) 42 U.S.C. § 1983, Quern v. Jordan, 440 U.S. 332, 350 (1979); (5) employment is not a service, program, or activity within the meaning of 42 U.S.C. § 12132 for purposes of Title II of the ADA, Brumfield v. City of Chicago, 735 619, 626 (7th Cir. 2013); and (6) in Tennessee a one-year statute of limitations governs claims under (a) Section 504 of the Rehabilitation Act, Sherrod v. Univ. of Tennessee Health Sci. Ctr., No. 12-2808-STA-CGC, 2013 WL 5306065, at *4 (W.D.

Tenn. Sept. 20, 2013); Miller v. City of Knoxville, No. 3:03-CV-574, 2006 WL 2506229, at *3 (E.D. Tenn. Aug. 29, 2006); (b) Section 1983, Howard v. Rea, 111 F. App'x 419, 421 (6th Cir. 2004); Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.1986); and (c) the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-311; Booker v. The Boeing Co., 188 S.W.3d 639, 644 (Tenn. 2006).

What this all means for Hembree, then, is that all of her claims are legally barred except for the Title I ADA claim for prospective injunctive relief. This is a viable claim because suit was filed within 90-days of her receipt of a Notice of Right to Sue letter from the Equal Employment Opportunity Commission, McGhee v. Disney Store, 53 F. App'x 751, 752 (6th Cir. 2002), and the Supreme Court has "often 'found federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law." Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 269 (2011) (quoting Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 73 (1996)). Indeed, while "individuals may not sue states for money damages under Title I, [they] can seek prospective injunctive relief for Title I violations pursuant to Ex parte Young, [209 U.S. 123 (1908)]." Whitfield v. Tennessee, 639 F.3d 253, 257 (6th Cir. 2011).

Even though a claim for prospective injunctive relief under Title I of the ADA is potentially viable, Defendants assert it fails because Hembree does not sufficiently allege the essential elements of such a claim. To prevail, Hembree "must show (1) that she was in a class of persons protected by the ADA; (2) that she was otherwise qualified for the position, with or without reasonable accommodation; (3) that she suffered an adverse employment action; (4) that the employer knew or had reason to know of the her disability; and (5) that the adverse employment action occurred under circumstances that raise a reasonable inference of unlawful discrimination." Bullington v.

4

Bedford Cty., 905 F.3d 467, 477 (6th Cir. 2018) (citing Whitfield, 639 F.3d 253, 258–59 (6th Cir. 2011)).

Defendants insist that Hembree's claim fails on the fourth element because she "has not adequately alleged that General Dunaway had knowledge of her alleged disability." (Doc. No. 23 at 1). As support, Defendants rely on a number of cases from within and without the Sixth Circuit: Land v. S. States Coop., Inc., 740 F. App'x 845 (6th Cir. 2018); Patton v. Jacobs Eng'g Grp., Inc., 874 F.3d 437 (5th Cir. 2017); Nilles v. Givaudan Flavors Corp., 521 F. App'x 364 (6th Cir. 2013); Cordoba v. Dillard's, Inc., 419 F.3d 1169 (11th Cir. 2005); and Taylor v. Principal Fin. Grp., Inc., 93 F.3d 155 (5th Cir. 1996). Leaving aside that the fourth element is directed towards the employer's knowledge and "individuals sued in their official capacities stand in the shoes of the entity they represent," Lambert v. Hartman, 517 F.3d 433, 440 (6th Cir. 2008), each of those cases is inapposite because all were decided in the context of motions for summary judgment.

In contrast, on a motion to dismiss, the complaint is viewed in the light most favorable to plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in plaintiff's favor. Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008). The complaint need only state a claim that is plausible on its face, that is, the Court must be able to draw a "reasonable inference that the defendant is liable for the misconduct alleged." Nwanguma v. Trump, 903 F.3d 604, 607 (6th Cir. 2018) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Judged by this standard, the Amended Complaint more than sufficiently alleges that Attorney General Dunaway may be responsible for Hembree's allegely wrongful termination.

The Amended Complaint alleges that Hembree worked as a secretary to the District Attorney; she suffered neurological issues that required her to keep her office dark; she had

5

numerous appointments at the Vanderbilt University Medical Center that required her to take time off from work; and Dunaway is the one who informed her that her employment was being terminated. It does not take much of a leap to infer that Dunaway, as the head of the office, had knowledge about Hembree's condition particularly because Hembree alleges that she "often" discussed her neurological condition in the office when she sought to take time off from work. To the extent this inference is unwarranted, that is something that can be resolved in the context of a motion for summary judgment.

Accordingly, Defendants' Motion to Dismiss (Doc. No. 19) is **GRANTED IN PART** and **DENIED IN PART.** The Motion is **GRANTED** with respect to all of Hembree's claims, **EXCEPT** for her claim for prospective injunctive relief under Title I of the ADA. Defendants' Amended Motion to Dismiss (Doc. No. 13) that was directed at Hembree's original Complaint is **DENIED AS MOOT.**

This file is returned to Magistrate Judge Brown for further pretrial case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE